UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN GRAY-EL,

    Plaintiff,

Case No. 19-cv-10952
Hon. Matthew F. Leitman

v.

JENNIFER LOPEZ, *et al.*,

    Defendants.

_____/

**<ins>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 39) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 38); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 26, 28); AND (4) TERMINATING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 43) AS MOOT</ins>**

Plaintiff Alvin Gray-EL holds a copyright in a treatment for a reality competition television show called *Let's Start the Dance*. (*See* Compl., ECF No. 1, PageID.5.) In this action, Gray-EL alleges that Defendants Jennifer Lopez, Nuyorican Productions, Inc. (Lopez's production company), Debbie Allen, Freeze Frame Entertainment, LLC ("Freeze Frame") (Allen's production company), and an entity that Gray-EL identifies as NBC Universal Studios Corporation, Inc.[1] ("NBC") infringed that copyright. (*See id.*) Gray-EL alleges that NBC, Lopez, and Nuyorican

---

[1] The actual legal name for this entity is "NBCUniversal Media, LLC." (*See* Resp. to Objections, ECF No. 41 n.1, PageID.387.)

1

Productions directly infringed his copyright, and he appears to allege that Allen and Freeze Frame are liable for secondary infringement on the ground that they wrongfully distributed his treatment in *Let's Start the Dance* to the other Defendants. Gray-EL seeks $6.5 million in damages. (*See id.*, PageID.6.)

Defendants Lopez, Nuyorican Productions, and NBC have moved to dismiss Gray-EL's Complaint. (*See* Mots., ECF Nos. 26, 28.) On December 18, 2019, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant those motions (the "R&R"). (*See* R&R, ECF No. 38.) The Magistrate Judge also recommended that the Court *sua sponte* dismiss Gray-EL's claims against Allen and Freeze Frame. (*See id.*) Gray-EL filed timely objections to the R&R on January 17, 2020. (*See* Objections, ECF No. 39.)

The Court has carefully reviewed Gray-EL's objections and concludes that they are without merit. Accordingly, for the reasons that follow, Gray-EL's objections are **OVERRULED**, the recommended disposition of the R&R is **ADOPTED**, and Gray-EL's Complaint against the Defendants is **DISMISSED**.

# I

The Magistrate Judge thoroughly explained the facts and procedural history of this action in the R&R, and the Court will not include a detailed recitation of those facts here. (*See* R&R, ECF No. 38, PageID.305-311.) In essence, Gray-EL

complains that the Defendants stole his idea for a reality television program and infringed a copyright he holds while doing so. (*See* Compl., ECF No. 1.)

Gray-EL says that in 2009 he drafted a treatment for a reality competition television show called *Let's Start the Dance*. (*See id.*, PageID.5.) Gray-EL then obtained a copyright for that treatment. (*See id.*) In 2010, Gray-EL was "approached" and told that "Debbie Allen was interested in reviewing [his] dance reality show." (Objections, ECF No. 39, PageID.347.) Gray-EL then spoke with a woman named Crystal Adams who provided Gray-EL a fax number so that he could send his treatment to Allen. (*See id.*) Gray-EL did so, but two days later, Adams told Gray-EL that Allen did not accept unsolicited material. (*See id.*) Gray-EL asked Adams to return the treatment to him, but he says that she never did. (*See id.*, PageID.347-348.)

In 2011, Gray-EL contacted Lopez and Nuyorican Productions and told them that if they signed a non-disclosure agreement, he would share his treatment with them. (*See* Resp. to Mot. to Dismiss, ECF No. 7, PageID.76.) Gray-EL never heard back from them, and Gray-EL never sent them the treatment. In 2017, Lopez and Nuyorican Productions began producing a reality competition television show called *World of Dance*. NBC broadcasts *World of Dance* in the United States. Gray-EL implies that Allen and/or Freeze Frame surreptitiously passed on his treatment for *Let's Start the Dance* to NBC, Lopez, and/or Nuyorican Productions, and he says

3

that the *World of Dance* is based on his treatment for, and infringes his copyright in, *Let's Start the Dance*.

## II

On August 23, 2019, Lopez, Nuyorican Productions, and NBC filed a motion to dismiss Gray-EL's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See* Mot., ECF No. 26.) Lopez and Nuyorican Productions filed a second motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (*See* Mot., ECF No. 28.)

In the R&R, the Magistrate Judge recommended that the Court grant the motions to dismiss and dismiss Gray-EL's claims against all of the Defendants. First, the Magistrate Judge recommended dismissing Gray-EL's claims against Lopez and Nuyorican Productions because the Court lacks personal jurisdiction over them. (*See* R&R, ECF No. 38, PageID.311-324.) He explained that Gray-EL had failed to allege facts that could support the exercise of either general personal jurisdiction or specific personal jurisdiction over Lopez or Nuyorican Productions:

> There appears to be no basis in the record here to conclude that this Court has general personal jurisdiction over Nuyorican Productions under the general jurisdiction statute. Nuyorican's secretary, Barry L. Hirsch, provided an affidavit in which he stated that Nuyorican is an entertainment services corporation registered in the State of California. (ECF No. 28-3, PageID.224). He further stated that Nuyorican Productions has never maintained an office in Michigan, transacted any business in Michigan, and does not regularly do or solicit business in Michigan.

Based on his information and belief, Nuyorican has not entered into contracts in Michigan relating to World of Dance and has not participated in any production activities associated with the show in Michigan. (*Id.* at PageID.225). Gray-EL did not provide any statement of his own contending that Nuyorican's activities satisfy Michigan's general personal jurisdiction statute. And, Nuyorican Productions is not consenting to jurisdiction.

[….]

The complaint states that Lopez is a resident of California; nothing elsewhere in the complaint or the exhibits suggests that her domicile was in Michigan at the time of service of process or her consent. The returned summons indicates that Lopez was served in California, not Michigan, (*See also* Lopez's affidavit, ECF No. 28-3, PageID.220-22), and she is clearly not consenting to being sued in Michigan. Consequently, Gray-EL has not established a prima facie case of general personal jurisdiction over Lopez.

[….]

Specific jurisdiction provides adjudicatory authority over suits arising out of or relating to the defendant's contacts with the forum State. Generally, a plaintiff must show that the nonresident defendant has purposefully established significant contact with the forum State and that the plaintiff's cause of action arises out of or is related to those activities. […] There is no allegation of overt actions connecting the defendants with Michigan in Gray-EL's complaint. Gray-EL only alleges that Lopez and Nuyorican Productions are California residents and that they infringed on his copyrighted show, Let's Start the Dance by creating/producing the show World of Dance. Again, because Lopez and Nuyorican submitted affirmative evidence showing that this Court lacks jurisdiction over them, mere allegations of jurisdiction are not enough. Gray-EL needed to set forth, by affidavit or

5

> otherwise, specific facts showing jurisdiction. This, he has not done.
>
> [….]
>
> What is missing in this case is any evidence, or even an allegation, that Lopez and/or Nuyorican Productions directed the distribution of the show within the United Stated or specifically within Michigan. Rather, Lopez and Nuyorican Productions affirmatively stated that they have no involvement in the distribution of World of Dance, into Michigan or otherwise. (ECF No. 28-2, PageID.221, ¶ 7; ECF No. 28-3, pageID.225, ¶ 10). Without any facts or allegations to suggest otherwise, it appears that plaintiff has not set forth sufficient facts to show that Lopez or Nuyorican Productions affirmatively sought distribution of World of Dance into Michigan. As in *Parker [v. Winwood*, 938 F.3d 833 (6th Cir. 2019)], *supra*, nothing in this record shows that the defendants were anything more than merely aware that the show might one day be broadcast in Michigan. Thus, the Court lacks personal jurisdiction over them.

(*Id.*, PageID.315-316, 319-321, 323-324; internal citations omitted.)

Next, the Magistrate Judge recommended that, even if the Court had personal jurisdiction over Lopez and Nuyorican Productions, the Court should nonetheless dismiss Gray-EL's copyright claims against Lopez, Nuyorican Productions, and NBC. The Magistrate Judge concluded that Gray-EL had not sufficiently alleged that these Defendants either directly or indirectly copied the treatment for *Let's Start the Dance*. More specifically, the Magistrate Judge determined that (1) Gray-EL had not plausibly alleged that these Defendants had "access to his dance show" such that they could infringe his copyright and (2) "there are no allegations in the

complaint that demonstrate" that Gray-EL's *Let's Start The Dance* is "substantially similar" to *World of Dance*, "let alone allegations pled with the requisite particularly required in an copyright infringement case." (*Id.*, PageID.327, 331.)

Finally, even though Defendants Allen and Freeze Frame did not file a motion to dismiss, the Magistrate Judge recommended that the Court *sua sponte* dismiss Gray-EL's claims against them as well. (*See id.*, PageID.341-343.) The Magistrate Judge first said that he was "concern[ed]" that Gray-EL had not properly served Allen or Freeze Frame with a copy of the Complaint. (*See id.* n.3, PageID.342). He then reviewed the merits of Gray-EL's allegations and concluded that because Gray-EL had not stated a viable copyright claim against NBC, Lopez, or Nuyorican Productions, "his claims for secondary copyright infringement against Allen and [Freeze Frame] should also be dismissed for failure to state a claim." (*Id.*, PageID.342.)

### III

Gray-EL filed timely objections to the R&R on December 27, 2019. (*See* Objections, ECF No. 39.) NBC, Lopez, and Nuyorican Productions filed a response to Gray-EL's objections (*see* Resp. Br., ECF No. 41), and Gray-EL filed a reply (*see* Reply Br., ECF No. 42).

**IV**

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to a report and recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**V**

The Court has carefully reviewed each of Gray-EL's objections. They are largely unclear and difficult to follow. The Court addresses each objection individually below.

**A**

In Gray-EL's first objection, he does not address any specific portion of the R&R. (*See* Objections, ECF No. 39, PageID.346-349.) Instead, Gray-EL largely repeats the factual background of his copyright claim. (*See id.*) To the extent Gray-EL makes any argument at all in this objection, he says that:

> In the plaintiff's opposition to defendants [sic] motion to dismiss under F.R.C.P. 12(b)(2) plaintiff stated a claim upon which relief can be granted in the complaint, copyrighted mater was gain [sic] by access under false

> pretenses, by Debbie Allen Dance Academy, under the direction of Crystal Adams [sic] thereby a violation of U.S. Copyright Law had occurred a clear case of copyright infringement of Let's Start the Dance.

(*Id.*, PageID. 347-348.)

This objection is insufficient for at least two reasons. First, to the extent that Gray-EL objects to the entirety of the R&R for the reasons stated in his response to Defendants' motions to dismiss, that does not form a valid basis for an objection. Where a party presents an objection that does "not specifically address how [a] report's factual and legal recommendations [are] incorrect," that objection is "waived." *Fields v. Lapeer 71-A Dist. Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"); *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ( "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context").

Second, neither Debbie Allen Dance Academy nor Adams are Defendants in this action,[2] and Gray-EL has not even attempted to explain how any actions they

---

[2] Gray-EL brought his Complaint against Debbie Allen and an entity called "Freeze Frame Entertainment, LLC." (*See* Compl., ECF No. 1.) Gray-EL has neither alleged

9

took could save his claims against any of the *named* parties. Moreover, Gray-EL has not plausibly alleged that Debbie Allen Dance Academy or Adams violated relevant copyright laws by stealing and/or misappropriating his treatment for *Let's Start the Dance*, nor has he identified any facts that could plausibly establish that Adams or Debbie Allen Dance Academy ever shared his treatment with anyone (including the Defendants).

For all of these reasons, Gray-EL's first objection is **OVERRULED**.

**B**

Gray-EL next objects to the Magistrate Judge's conclusion that the Court lacks personal jurisdiction over Jennifer Lopez, Nuyorican Productions, and NBC. (*See* Objections, ECF No. 39, PageID.349-355.) With respect to NBC, Gray-EL argues:

> The defendant NBC Universal Media LLC conducts continuous business within the State (Television Productions) by way of various television stations across the State of Michigan [sic] this specific business is the broadcast of entertainment shows and news; such as the World of Dance competition show [sic] therefore the defendant has established minimum contact.

(*Id.*, PageID.350.)

---

nor suggested that "Freeze Frame Entertainment, LLC" is in any way related to the entity that Gray-EL identifies in his objections as "Debbie Allen Dance Academy." And even if the two entities were related, Gray-EL's claims against Debbie Allen Dance Academy would fail for all of the reasons stated above.

10

This objection is misplaced. NBC never moved to dismiss Gray-EL's claims due to lack of personal jurisdiction, and the Magistrate Judge never recommended dismissing Gray-EL's claims against NBC on that basis. Thus, Gray-EL's argument that the Court has personal jurisdiction over NBC is not relevant to any conclusions or recommendations in the R&R.

Next, with respect to Lopez and Nuyorican Productions, Gray-EL insists that the Court has personal jurisdiction over them because they have performed at and/or produced live events in the State of Michigan:

> In the process of gathering information and/or evidence, the plaintiff has discovered that the defendant Jennifer Lopez/Nuyorican Productions has conducted business activities concerning entertainment services or events in the State of Michigan on several scheduled dates, thereby giving U.S. District Courts general personal jurisdiction over Jennifer Lopez/Nuyorican Productions Inc.
>
> [….]
>
> Now during the plaintiff's gathering information and/or evidence that proves Jennifer Lopez/Nuyorican Productions has conducted entertainment activities in the State of Michigan, first minimum contact with her "Its My Party US Tour["]. The tour date scheduled in Detroit Michigan [sic] was July 5th 2019, at the Little Caesars Arena in which she planned to feature the World of Dance Stars on her tour. Also her World of Dance Live Tour scheduled to appear and perform in Detroit Michigan [sic] at the Fillmore Detroit on November 13th 2019 and in Grand Rapids Michigan [sic] on November 14th 2019 at the 20 Monroe Live. The Jennifer Lopez/Nuyorican Productions Inc. is an Entertainment Services Corporation, its business is entertainment services;

> concert tours, celebrity birthday bashes, and other types of entertainment events etc. Note: with 3 confirmed dates showing production activities, confirms [sic] that Nuyorican Productions has conducted production activities in the State of Michigan and it satisfies Michigan's general personal jurisdiction over Jennifer Lopez/Nuyorican Productions. More importantly it demonstrates that Nuyorican Productions has entered into at least three confirmed contracts made with local venues in Detroit, and in Grand Rapids Michigan relating to World of Dance and other production activities Under [sic] Michigan long-arm statute, Mich. Comp Laws 600.715, to determine whether specific personal jurisdiction over the corporate defendants exists in this case.

(*Id.*, PageID.352-354.)

This objection fails to save Gray-EL's copyright claims for several reasons. First, the fact that Lopez appeared in Michigan for a single concert appearance in 2019 does not establish the Court's personal jurisdiction over her in this *copyright* case. A single appearance in a state cannot form the basis for general personal jurisdiction. *See*, *e.g.*, *LaFarge Corp. v. Altech Environment, U.S.A.*, 220 F.Supp.3d 823, 827-28 (E.D. Mich. 2002) ("General personal jurisdiction exists over any corporation that is incorporated in Michigan, consents to jurisdiction, or *engages in continuous and systematic business* in Michigan") (emphasis added). And while "even a single contact with the forum state may suffice for [specific] personal jurisdiction," that contact must be "directly and substantially related to the plaintiff's claim." *Id.* at 828. Here, in an unrebutted sworn declaration, Lopez said under oath

12

that her July 5, 2019, concert at Little Caesars Arena was "unrelated to *World of Dance*." (Lopez Decl. at ¶12, ECF No. 28-3, PageID.221.) Lopez's July 5, 2019, concert in the State of Michigan has nothing to do with Gray-EL's claim that Lopez infringed his copyright in *Let's Start the Dance*, and that concert can therefore not form the basis for personal jurisdiction over Lopez in this case.

Second, Lopez's July 5, 2019, concert cannot form the basis for personal jurisdiction over Nuyorican Productions. Barry L. Hirsch, Nuyorican Productions' corporate secretary, said in an unrebutted sworn declaration that Nuyorican Productions "did not play any role in Jennifer Lopez'ss recent "It's My Party" tour, including the tour's July 5, 2019 stop in Michigan." (Hirsch Decl. at ¶14, ECF No. 28-3, PageID.226.) Simply put, Gray-EL has not presented any evidence or made any attempt to show that Nuyorican Productions was involved in Lopez's sole concert in Michigan. And even if he could make that showing, for all of the reasons stated above, that single concert would not establish personal jurisdiction over Nuyorican Productions because the concert was not "directly and substantially related" to his copyright claim.

Finally, Gray-EL's reliance on two *World of Dance* live shows in the State of Michigan also fails to establish personal jurisdiction over Lopez and Nuyorican Productions. Both Lopez and Nuyorican Productions, in sworn unrebutted

13

declarations, have stated under oath that they had no involvement with those live events.[3] And Gray-EL has not called these representations into question in any way.

For all of these reasons, Gray-EL's second objection is **OVERRULED**.

## C

In Gray-EL's third objection, he argues that contrary to the Magistrate Judge's conclusion, he could state a viable copyright claim against the Defendants because the Defendants did have access to his copyrighted treatment in *Let's Start the Dance*. Gray-EL argues that:

> To establish a violation of copyright infringement, the copyright owner must provide evidence of access, and the plaintiff presented direct proof of evidence, of the defendant Debbie Allen, [sic] fraudulently gained access to the plaintiff's copyrighted work, "Let's Start the Dance" by way of a fax through Crystal Adams, and over the course of seven years, through one or more various types of electronic communication, email, fax, hand delivered material, photocopying, texting, cell phone camera, video, and/or voice etc. With strong emphasis this specific copyrighted material was passed through several hands during the seven years, was transferred into the possession of the defendants NBC Universal Media LLC, and Jennifer Lopez/Nuyorican Productions Inc. The plaintiff Alvin Gray-EL has pleaded that defendants has [sic] gained access to his copyrighted material. Note: Seven years in a long opportunity to view, and copy, the

---

[3] *See* Lopez Decl. at ¶13, ECF No. 28-2, PageID.221 ("I have not participated in any development, production, or post-production activities associated with *World of Dance* in Michigan, such as tours or auditions in the State"); Hirsch Decl. at ¶9, ECF No. 28-3, PageID.225 ("Nuyorican [Productions] has not participated in any development, production, or post-production activities associated with *World of Dance* in Michigan, such as tours or auditions in the State").

14

> plaintiff's work, and then begin to create a derivative work
> of the valid copyrighted work of the author.

(Objections, ECF No. 39, PageID.355-356.)

In Gray-EL's reply brief, he further argues that Defendants had access to his treatment for *Let's Start the Dance* because he initially sent the treatment to Allen and/or Freeze Frame by fax:

> When a person sends a fax document (copyrighted work) there is a good possibility that the wrong person is at the fax machine, and you can never be sure who will [sic] the information first. This is one of the arguments against the use of sending confidential information to another person. In fact most fax machines are held in open spaces, where many people have access to them, and the wrong person can gain access to confidential material. NOTE: Fax machines do not guarantee any and all confidential data transmissions are safe from thieves, as their signals can be intercepted by someone who knows what he or she is doing; especially if that person uses certain hardware of software tools to retrieve information. It is very simple to set up the device and use it to intercept both phone line and radio fax signals. It is capable of capturing the information in parallel with the transmission, no matter the type of signal used. In today's society, concerning electronic communication, fax transmission interception is a reality and continues to occur. Electronic interception is a more common practice, and confidential information is stolen through a fax transmission on a daily basis.

(Reply Br., ECF No. 42, PageID.406-407.)

This objection does not persuade the Court that Gray-EL has stated viable copyright claims against the Defendants. Put simply, Gray-EL has not plausibly alleged that Jennifer Lopez, Nuyorican Productions, and/or NBC somehow obtained

15

access to his treatment from Allen and/or Freeze Frame. *See*, *e.g..*, *Clay v. Cameron*, 2011 WL 13220504, at *2 (S.D. Fla. Oct. 20, 2011) (granting motion to dismiss where plaintiff did not plausibly allege how a Hollywood screenwriter "had access to her unpublished work [that had previously been] distributed to book publishers in New York"); *Martinez v. McGraw*, 2009 WL 2447611, *4 (M.D. Tenn. 2009) (same). Nor has Gray-EL plausibly alleged that Allen or someone at Freeze Frame "use[d] certain hardware or software tools" in order to "intercept" and steal his treatment so that they could then pass it on to Lopez or others. Finally, Gray-EL has not otherwise shown that the Magistrate Judge's careful analysis regarding Defendants' alleged access to his treatment was in error.

For all of these reasons, Gray-EL's third objection is **OVERRULED**.

**D**

In Gray-EL's fourth objection, he argues that the Magistrate Judge wrongly concluded that he (Gray-EL) could not state a cognizable copyright claim because his treatment for *Let's Start the Dance* is not "substantially similar" to *World of Dance*. (*See* Objections, ECF No. 39, PageID.359-363.) Gray-EL argues that:

> The World of Dance storyline and premise have the total concept and feel of the original work Let's Start the Dance; copying the copyrighted expression of the original work. World of Dance stating; [sic] we watch the worlds [sic] best dancers from all over the globe. Quote: NBC World of Dance is a dance show that is seeking to find the best dancers in the world, on the NBC World of Dance stage everyone has an equal chance to wow the judges and

16

> the world. The substantial similarity; [sic] is so similar to the plaintiff's work that it is without a doubt or contradiction an unlawful appropriated violation of the copyrighted work of Let's Start the Dance.
>
> [….]
>
> It is a known fact that no two minds think alike, therefore when people create within their own realm of creative imagination, their creations stand alone until they write it in tangible form and then convey it or transferred [sic] it electronically via email, text, video photocopied [sic] etc.

(*Id.*, PageID.361-362.)

This vague and overly-broad objection is insufficient. Gray-EL has neither plausibly alleged nor made any concrete showing that *Let's Start the Dance* and *World of Dance* are substantially similar. In the objections, Gray-EL argues that the two shows share many of the same elements, such as auditions, rounds of competition, and an overall similar "concept and feel." (*Id.*, PageID.360-361.) But the comparison that he draws between the two shows is at the highest level of generality. And he has not cited any authority for the proposition that the high-level similarities he identifies are sufficient to maintain a viable copyright claim. He simply has not persuaded the Court that the Magistrate Judge erred when he concluded that Gray-EL had failed to plausibly allege that the two shows are substantially similar.

For all of these reasons, Gray-EL's fourth objection is **OVERRULED**.

**E**

Finally, Gray-EL argues that the Magistrate Judge should not have dismissed his claims against Allen and Freeze Frame. (*See* Objections, ECF No. 39, PageID.363-364.) He contends that he did in fact serve these Defendants with the Complaint and that the Court should place Allen and Freeze Frame in default for failing to appear in this case. (*See id.*)

With respect to Gray-EL's arguments about service, the Magistrate Judge did not rest his recommendation to dismiss the claims against Allen and Freeze Fame on a lack of service. Thus, even if Gray-EL did properly serve Allen and Freeze Frame with the Complaint, that would not save his claims against those Defendants.

Moreover, Gray-EL has not shown any error in the Magistrate Judge's treatment of his claims against Allen and Freeze Fame on their merits. For all of the reasons stated above, Gray-EL has not persuaded the Court that he has stated a plausible copyright claim against Lopez, Nuyorican Productions, or NBC. Nor has not shown how he can maintain a secondary or derivative copyright claim against Allen and/or Freeze Frame under these circumstances.

For all of these reasons, Gray-EL's final objection is **OVERRULED**.

# VI

On January 17, 2020, Gray-EL filed a motion to compel discovery. (*See* Mot., ECF No. 43.) Because the Court is overruling Gray-EL's objections, adopting the recommended disposition of the R&R, and dismissing his Complaint, Gray-EL is

not entitled to discovery. The Court will therefore **TERMINATE** Gray-El's discovery motion as **MOOT**.

## VII

For all of the reasons stated above, **IT IS HEREBY ORDERED** as follows:

- Gray-EL's objections to the R&R (ECF No. 39) are **OVERRULED;**

- The recommended disposition of the R&R (ECF No. 38) is **ADOPTED**;

- Defendants' motions to dismiss (ECF Nos. 26, 28) are **GRANTED**;

- Gray-EL's Complaint is **DISMISSED** in its entirety as to all Defendants; and

- Gray-EL's motion to compel discovery (ECF No. 43) is **TERMINATED AS MOOT**.

The Court further concludes that Gray-EL could not take an appeal in good faith. Accordingly, the Court **DENIES** Gray-EL *in forma pauperis* status on appeal. **IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2020, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (810) 341-9764